IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

ADRIAN MATTHEW SPRATT,
ADC #659950                                                                                       PLAINTIFF

V.                              CASE NO. 2:20-CV-80-JM-BD

PATRICIA SNYDER                                                                            DEFENDANT

## RECOMMENDED DISPOSITION

**I.**  **Procedure for Filing Objections:**

This Recommendation for the dismissal of Mr. Spratt's claims has been sent to Judge James M. Moody Jr. Any party may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, parties risk waiving the right to appeal questions of fact.

**II.**  **Discussion:**

A. Background

Adrian Matthew Spratt, an Arkansas Division of Correction inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983, without the help of a lawyer. (Doc. Nos. 2, 6) Mr. Spratt complains that the conditions of his confinement while he was detained in the

Arkansas County Jail (Jail) were unconstitutional. He names Patricia Snyder, the Jail Administrator, as the only Defendant.

Defendant Snyder has now moved for summary judgment on the claims raised against her. (Doc. No. 26) Mr. Spratt has responded to the motion; and Defendant Snyder has replied. (Doc. Nos. 32, 33)

### B. Standard

A party is entitled to summary judgment if—but only if—the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56 and *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017). Because Defendant Snyder is the moving party, the Court construe any disputed facts in a light favorable to Mr. Spratt.

### C. Official Capacity Claims

Official-capacity claims against Defendant Snyder are, in effect, claims against Arkansas County. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). Local governments such as Arkansas County can be held liable in cases such as this only when an employee violates a prisoner's rights while carrying out a county policy or custom. *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009). Here, Mr. Spratt does not allege that he suffered any injury as a result of an Arkansas County policy or custom. Official-capacity claims, therefore, should be dismissed.

D. Unconstitutional Conditions-of-Confinement

In his complaint, Mr. Spratt complains that Defendant Snyder never provided him a copy of the Jail handbook; the intercoms did not work properly; there was black mold in the Jail shower; the Jail sprinkler system did not work properly; Defendant Snyder failed to take adequate measures to prevent the spread of COVID-19 within the Jail; the Jail lacked medical staff; the plumbing leaked; locks did not work properly; and there were bugs in the Jail. Mr. Spratt alleges that Defendant Snyder was aware of these conditions, but she failed to address Mr. Spratt's concerns.

During Mr. Spratt's detention at the Jail, he was both a pre-trial detainee and a convicted prisoner. As a pre-trial detainee, his claims are analyzed under the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); and *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 905 (8th Cir. 2020). Under *Bell*, the government may lawfully detain a defendant before trial and subject him to jail restrictions and conditions, "so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Stearns*, 957 F.3d at 907 (citing *Bell*, 441 U.S. at 536–37). In determining whether a detainee's conditions of confinement constitute punishment, courts consider the totality of the circumstances, including the duration of the allegedly harsh conditions. *Stearns*, 957 F.3d at 909; *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Smith v. Copeland*, 87 F.3d 265, 268-69 (8th Cir. 1996); and *Green v. Baron*, 879 F.2d 305, 309 (8th Cir. 1989).

Under the Fourteenth Amendment, conditions of confinement are deemed impermissibly punitive if they "deprive inmates of the minimal civilized measures of

3

life's necessities." *Owens*, 328 F.3d at 1027; see also *Green*, 879 F.2d at 309-10 (pretrial detainees have a "right to a safe and healthy environment," and must be provided "basic human necessities," including adequate food, clothing, shelter, personal hygiene, and sanitation). The length of time that a detainee was subjected to unconstitutional conditions is a "critical factor" in the analysis. *Smith*, 87 F.3d at 269.

After Mr. Spratt was detained as a convicted person, his claims fall under the Eighth Amendment.[1] To state an eighth amendment claim, Mr. Spratt must allege facts demonstrating that he suffered an "extreme deprivation" that was "sufficiently serious" enough for a court to find that he was denied "the minimal civilized measure of life's necessities"; or that the conditions posed "a substantial risk of serious harm" to his health or safety. Even if the conditions fell below constitutional standards, officials can be held liable on if they were deliberately indifferent to the risk of harm posed by the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (holding that the "Constitution does not mandate comfortable prisons" or that prisons be "free of discomfort"). Furthermore, the plaintiff must assert that he suffered more than a *de minimis* (minor) injury. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008); *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (finding that a prisoner failed to state a claim because he was not actually harmed by the allegedly inadequate security at a prison); *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) (finding no

---

[1] Mr. Spratt was a convicted person on the date that he filed his complaint in this case. (Doc. No. 2 at p.3)

constitutional violation where a prisoner failed to demonstrate that he was actually harmed as a result of being exposed to raw sewage).

In her motion, Defendant Snyder argues that she is entitled to qualified immunity. "Qualified immunity shields public officials from liability for civil damages if their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Dillard v. O'Kelley*, 961 F.3d 1048, 1052 (8th Cir. 2020) (*en banc*) (internal quotation marks omitted). Officials are not liable for bad guesses in gray areas of the law; they are liable for "transgressing bright lines." *Moore v. City of Desloge, Mo.*, 647 F.3d 841, 846 (8th Cir. 2011) (citing *Ambrose v. Young*, 474 F.3d 1070, 1077 (8th Cir. 2007)).

According to Defendant Snyder's affidavit: the alleged "black mold" in the showers was actually dirt and residue left after improper cleaning performed by inmates; inmates were given cleaning supplies each day to clean the showers; and staff members bleach the showers twice each month. (Doc. No. 28-1 at p.2) During Mr. Spratt's stay at the Jail, there was no fire (Doc. No. 28-1 at p.2); and Terminix was treating the Jail for pests on a monthly basis (Doc. No. 28-1 at pp.2, 12-13).  Furthermore, after Mr. Spratt complained about malfunctioning plumbing, she assured him that maintenance would be alerted to make repairs. (Doc. No. 28-1 at pp.2-3, 14; Doc. No. 28-2 at p.1; Doc. No. 28-3 at p.1)

In her affidavit, Defendant Snyder further testified: Jail intercoms are repaired as quickly as possible after problems are reported; manual locks on the doors are not a safety hazard; the fire suppression system met the Arkansas State Fire Codes; the Jail has

5

five employees who are trained as Emergency Medical Technicians. Furthermore, a physician provides health services on site; and the Jail was in compliance for all medical and mental health requirements at inspection completed in August 2019. At that time, the Jail needed updates and repairs, the Criminal Detention Facilities Review Committee concluded that the Jail met minimum mandatory requirements. (Doc. No. 28-1 at pp.2-3, 15-23; Doc. No. 28-5 at pp.1-9) Finally, Mr. Spratt has not alleged, or produced any evidence to show, that he was ever denied medical treatment while he was housed at the County Jail, or that he contracted COVID-19 during his incarceration.

Based on the evidence in the record – including the general, unsubstantiated nature of the allegations—Mr. Spratt did not suffer either a "deprivation of the minimal measure of life's necessities" or a substantial risk of serious harm to his health or safety while he was incarcerated at the Jail. Mr. Spratt does not allege that these conditions were imposed as punishment, and there is no evidence to support such a contention. The Jail conditions were unpleasant, no doubt; but the conditions were not so onerous as to rise to the level of unconstitutional conditions of confinement. Therefore, Defendant Snyder is entitled to qualified immunity.

### III. Conclusion:

The Court recommends that Defendant Snyder's motion for summary judgment (Doc. No. 26) be GRANTED. Mr. Spratt's claims should be DISMISSED, with prejudice.

DATED this 9th day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE